FILED

JUL 3 0 2001

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY [signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAMIRO PEDRO ADAMES, Petitioner, | § § § | |
| V. | § | A-01-CA-421 JRN |
| R.D. MILES, Warden, F.C.I. Bastrop, Texas, Respondent. | § § § § § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE JAMES R. NOWLIN
CHIEF UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, effective December 1, 2000.

Before the Court is Petitioner Ramiro Pedro Adames' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed June 28, 2001 (Doc. #1), which was referred to the Magistrate Court on June 29, 2001. In his petition, Petitioner alleges that in light of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), his 240-month term of imprisonment and his ten-year term of supervised release is unconstitutional because the quantity of drugs used to determine his sentence was not stated in the indictment. The Government filed a response on July 16, 2001 (Doc. #3), seeking



5

dismissal for failure to state a claim upon which relief can be granted. Petitioner filed a reply on July 23, 2001 (Doc. #4).

**BACKGROUND**

Petitioner Ramiro Pedro Adames ("Adames") was charged in the United States District Court for the Central District of Illinois with conspiracy to distribute marihuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. After entering a plea of not guilty, Adames was found guilty by a jury and was sentenced to a 240-month term of imprisonment, followed by a ten-year term of supervised release. Adames filed a direct appeal of his conviction and sentence, which was subsequently affirmed by the United States Court of Appeals for the Seventh Circuit in United States v. Adames, 56 F.3d 737 (5th Cir. 1995). Adames filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in 1997, which was subsequently denied by the District Court, and the Seventh Circuit denied his request to appeal. He now files this section 2241 petition seeking to utilize the post-conviction relief statute's "savings clause" to raise claims formerly restricted to a section 2255 motion.

**ISSUES AND ANALYSIS**

Adames presents the instant section 2241 petition on the premise that he may use section 2255's savings clause to raise a claim based on the Supreme Court's decision in Apprendi. Specifically, he claims that he is entitled to file under section

2241 because he believes the Supreme Court will soon make a decision on the retroactive application to cases on collateral review, but not before his limitation period will have expired, and because he is actually innocent.

In response, the Government submits that the mere fact that Adames is of the opinion that the Supreme Court will soon make a decision on the retroactive application to cases on collateral review is not a basis for him to attempt to use a section 2241 petition in place of filing a motion under section 2255. Therefore, the Government asserts that Adames' petition should be dismissed because he has failed to state a claim upon which relief can be granted. <u>See</u> FED. R. CIV. P. 12(b)(6); <u>see also</u> <u>Randell v. Johnson</u>, 227 F.3d 300, 301 (5th Cir. 2000); <u>Perez v. Reno</u>, 227 F.3d 294, 295 (5th Cir. 2000).

A section 2241 petition that attacks the petitioner's sentence may be entertained if the petitioner can satisfy the requirements of the savings clause in section 2255. <u>See</u> <u>Tolliver v. Dobre</u>, 211 F.3d 876, 878 (5th cir. 2000). The factors that must be satisfied for a petitioner to file a section 2241 petition under the savings clause in section 2255 are as follows: 1) the petitioner's claim must be "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and 2) the petitioner's claim must have been "foreclosed by circuit law at the time when the claim should have

been raised in the petitioner's trial, appeal, or first section 2255 motion." Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

The Court finds that Adames cannot satisfy the first factor of the savings clause test pronounced by the Fifth Circuit in Reyes-Requena. In a recent decision, the Supreme Court held that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." Tyler v. Cain, ____ U.S. ____, 121 S. Ct. 2478, 2482 (2001)(quoting 28 U.S.C. § 2244(b)(2)(A)). Apprendi does not hold itself that its new rule is retroactive. Because the Supreme Court has not made Apprendi retroactive by so holding, Adames' claim fails to meet the first prong of the requirement for filing under section 2255's savings clause.

## RECOMMENDATION

The Magistrate Court recommends that the District Court **DENY** Ramiro Pedro Adames' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

## WARNING

The movant may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous,

conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 30th day of July, 2001.

Stephen H. Capelle

STEPHEN H. CAPELLE
UNITED STATES MAGISTRATE JUDGE